943 F.2d 38
 70 Ed. Law Rep. 22
 David LUCAS, Willie Davis, Jr., Connie Cater, Corlis
McKenzie, and Ronnie T. Miley, Plaintiffs-Appellants,
v.
Judy TOWNSEND, in her official capacity as President of the
Board of Education, Bibb County Board of Education, Emory
Greene, in his official capacity as Chairman of the Bibb
County Board of Commissioners, Bibb County Board of
Commissioners, A.B. "Tony" Caldwell, in his official
capacity as Chairman of the Macon-Bibb County Board of
Elections, Macon-Bibb County Board of Elections, Bernard
Fletcher, in his official capacity as Supt., Macon-Bibb
County Board of Elections, Defendants-Appellees.
 No. 89-8556.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 12, 1991.
 
 Neil Bradley, Kathleen Wilde, American Civ. Liberties Union Foundation, Inc., Atlanta, Ga., for plaintiffs-appellants.
 W. Warren Plowden, Jr., Jones, Cork & Miller, Craig N. Cowart, Edward S. Sell, Jr., Macon, Ga., Della Wager Wells, King & Spalding, Atlanta, Ga., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Georgia; Wilbur D. Owens, Jr., Chief Judge.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before HATCHETT, Circuit Judge, RONEY* and FAIRCHILD**, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 In its recent opinion in this case (Board of Public Education and Orphanage for Bibb County, et al. v. Lucas, --- U.S. ----, 111 S.Ct. 2845, 115 L.Ed.2d 1013 (1991)), the Supreme Court of the United States stated:
 
 
 2
 The petition for a writ of certiorari is granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Eleventh Circuit for the clarification of the jurisdiction issue presented by the Solicitor General in his brief for the United States, as amicus curiae, filed June 4, 1991.
 
 
 3
 The jurisdiction issue the Supreme Court refers to is presented in our opinion Lucas v. Townsend, 908 F.2d 851, 858 (11th Cir.1990), footnote 7. On remand, if the district court finds that the constitutional claims were waived, appellate jurisdiction in this court is proper because no claims will remain outstanding in the district court. On the other hand, if the district court finds that the constitutional claims have not been waived, it must resolve those claims and upon notification of this finding, this court will dismiss this appeal to allow further proceedings in the district court. Should the district court decide to enter a new order disposing of the section 2 claims and to make it final and appealable pursuant to Federal Rule of Civil Procedure 54(b) and the plaintiffs should again appeal, this court would consider the issue on the present briefs, supplemented as the parties may desire.
 
 
 4
 REMANDED TO THE DISTRICT COURT WITH INSTRUCTIONS.
 
 
 
 *
 See Rule 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit
 
 
 **
 Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation